### August Muetze v. Charles Procasky.

1.  ADMISSION—*what tantamount to.*    The failure to deny a material statement is tantamount to an admission thereof.

Action commenced before justice of the peace.    Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding.    Heard in this court at the August term, 1905.    Reversed, with finding of fact.    Opinion filed March 22, 1906.

BARTHEL & KLINGEL and F. J. TECKLENBURG, for appellant.

H. E. SCHAUMLEFFEL, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This action was originally brought before a justice of the peace by Procasky, the appellee, against Muetze, the appellant, for $52.50, claimed by plaintiff to be due for labor performed in building or assembling an automobile.

Muetze resisted the claim on the ground that Procasky had warranted that he would make the machine work and failed to do so. From a judgment for the defendant in the justice court the plaintiff appealed to the Circuit Court, where the case was tried by a jury resulting in a verdict and judgment for $50 in favor of plaintiff. The defendant brings the case to this court by appeal.

Appellant and appellee entered into a contract by which appellee agreed and undertook to construct and build an automobile for appellant by assembling or putting together in proper mechanical adjustment the various parts and machinery of which an automobile is composed, these parts to be bought of factories and furnished by appellant, together with a blue print plan or design showing detail of construction. Appellant was to pay for all material used and pay appellee forty cents an hour for time given to the work. It appears from the undisputed evidence that when appellee had finished his work, under the contract, the machine would not run, and could not be operated until it had been repaired and the parts properly assembled and adjusted by another builder or machinist. The evidence clearly shows that the failure of the automobile to work properly was due to the unskilful work and improper assembling of the parts by appellee. Appellant paid for the material used according to contract, but refused to pay appellee for his work, on the ground, as claimed in defense, that appellee specially guaranteed that he could and would build the automobile and put it in first-class running condition. The only question made by the record is, whether or not it is established, without conflict of evidence, that appellee guaranteed his work. The only testimony bearing upon this question is that of appellant. He testifies: "I saw Mr. Procasky * * * and told him that I had a running gear built, and was going to get the machinery from Brennan with the transmission on it; I am not a machinist. I asked him whether he could assemble a machine so it would run properly; that I would get the parts, the running gear made ready and the tires and everything on, and whether

he could put the engine on and put the machine in gear—fit it properly the way it belonged, * * * and he said: 'Well, if everything fits I will do it for $25, but if it don't, I will charge forty cents an hour, because I will have to spend more work than that, I think, and I will put it in perfect running shape; I will guarantee you that.'" And again, "he says, 'I will charge you forty cents an hour for my work, and will guarantee that the thing has got to run and be in first-class shape.'"

Here is positive testimony of a special guaranty by appellee that the machine should be made to run, and though appellee was called to the stand in rebuttal of other parts of appellant's testimony, there is not a word of denial of the guaranty. Nor is there anything in his direct testimony or in any other evidence contradictory of appellant's testimony upon this point. Considering the fact that the case was tried twice, and that throughout a guaranty was relied upon in defense, the failure of appellee to deny or rebut appellant's testimony in this important particular may not be regarded as a mere oversight, and under well-established rules of evidence must be considered a practical admission of the truth of appellant's version of the contract and that the guaranty claimed was in fact made. This being the state of the evidence, appellee failed to perform his contract, and the judgment should have been for appellant.

The judgment will be reversed, and as the undisputed facts show a complete defense to the action the cause will not be remanded.

*Reversed, with finding of fact.*

We find as a fact, to be incorporated with the judgment, that appellee failed to perform the work undertaken according to contract made with appellant, which is the contract sued upon in this case.